IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES-BRENT BOND, | Civ. No. 6:20-cv-01656-AA |
| Plaintiff, | **OPINION & ORDER** |
| v. | |
| KATHERINE BROWN;<br>STATE OF OREGON, | |
| Defendants. | |

AIKEN, District Judge.

Plaintiff James-Brent Bond seeks leave to proceed *in forma pauperis* ("IFP") in this action. ECF No. 5. Plaintiff also moves for a Temporary Restraining Order ("TRO") enjoining enforcement of executive orders aimed at curbing the ongoing pandemic. ECF No. 2. For the reasons set forth below, Plaintiff's Motion for TRO is DENIED. Plaintiff shall be granted leave to proceed *in forma pauperis*.

**LEGAL STANDARD**

In deciding whether to grant a motion for a TRO, courts look to substantially the same factors that apply to a court's decision on whether to issue a preliminary injunction. *See*

*Stuhlbarg Int'l Sales Co. v. John D. Brush & Co.*. 240 F.3d 832, 839 n.7 (9th Cir. 2001). A preliminary injunction is an "extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008). A plaintiff seeking a preliminary injunction must show (1) that he or she is likely to succeed on the merits; (2) he or she is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of the equities tips in his or her favor; and (4) an injunction is in the public interest. *Id.* at 20.

In the Ninth Circuit, courts may apply an alternative "serious questions" test, which allows for a preliminary injunction where a plaintiff shows that "serious questions going to the merits" were raised and the balance of hardships tips sharply in plaintiff's favor, assuming the other two elements of the *Winter* test are met. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131-32 (9th Cir. 2011). This formulation applies a sliding scale approach where a stronger showing of one element may offset a weaker showing in another element. *Id.* at 1131. Nevertheless, the party requesting a preliminary injunction must carry its burden of persuasion by a "clear showing" of the four elements set forth above. *Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012).

## DISCUSSION

Plaintiff brings claims for (1) violation of his federal rights under 42 U.S.C. § 1983; (2) breach of contract; and (3) intentional infliction of emotional distress ("IIED") against Oregon Governor Katherine Brown and the State of Oregon based on restrictions imposed by executive order to combat the COVID-19 pandemic. Plaintiff asserts that he will not wear a mask or maintain social distancing and that the restrictions prevent him from participating in church services and from teaching mixed martial arts classes.

**I.      Success on the Merits**

To prevail on a motion for preliminary injunction, a plaintiff must show either a likelihood of eventual success on the merits or, under the Ninth Circuit's alternative "sliding scale" formulation of the test, serious questions going to the merits of their claims. *Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*, 632 F.3d at 1131-32. However, a court's decision on a motion for preliminary injunction is not a ruling on the merits of the claim. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984).

On March 8, 2020, Governor Brown issued Executive Order 20-03 declaring a statewide emergency pursuant to ORS 401.165 *et seq.* in response to the outbreak of COVID-19 in Oregon. The state of emergency has been repeatedly extended, most recently in Executive Order 21-05, which extended the state of emergency through May 2, 2021. Additional executive orders followed, which established and later modified restrictions on certain activities. These restrictions have included limitations on the number of individuals allowed to congregate indoors, including at religious establishments.

Plaintiff seeks a temporary restraining order enjoining the enforcement of the executive orders on the basis that they violate his constitutional rights and brings this action pursuant to 42 U.S.C. § 1983. Title 42 U.S.C. § 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

Plaintiff's principal claim arises under the Free Exercise Clause of the First Amendment, which provides that the government "shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof." U.S. Const. amend 1; *see Cantwell v. Connecticut*, 310 U.S. 296, 303 (1940) (incorporating the Free Exercise Clause against the states).

> In determining whether a law prohibits the free exercise of religion, courts ask whether the law is neutral and of general applicability. If the law is neutral and of general applicability—that is, the law does not single out houses of worship for especially harsh treatment—then the law need only survive rational basis review, even if it has the incidental effect of burdening a particular religious practice. Any law burdening religious practices that is not neutral or of general applicability, however, must undergo the most rigorous of scrutiny.

*South Bay United Pentecostal Church v. Newson*, 985 F.3d 1128, 1140 (9th Cir. 2021) (internal quotation marks and citations omitted).

Courts apply strict scrutiny review "whenever a state imposes different capacity restrictions on religious services relative to non-religious activities and sectors." *South Bay United Pentecostal Church*, 985 F.3d at 1140 (citing *Roman Catholic Diocese of Brooklyn v. Cuomo*, ___U.S.___, 141 S. Ct. 63, 66-67 (2020)). In this case, however, Plaintiff is an individual congregant and does not allege that he has been forbidden from attending church, only that the state has imposed limitations on the number of people allowed to be present at indoor religious services. Plaintiff's TRO motion is unsupported by declarations or other evidence, aside from the allegations of the Complaint. The Court concludes that Plaintiff has failed to establish a likelihood of success on the merits of his claim but, given the rigorous scrutiny that applies in such cases, the Court concludes that he has demonstrated serious questions going to the merits of his claim.

## II.   Irreparable Harm

"It is well established that the deprivation of constitutional rights unquestionably constitutes irreparable injury." *Melendres v. Arpaio*, 695 F.3d 990, 1002 (9th Cir. 2012).

However, it is axiomatic that a moving party must demonstrate a significant threat of impending irreparable injury, irrespective of the magnitude of the injury. *Big Country Foods, Inc. v. Bd. of Educ. of Anchorage Sch. Dist., Anchorage Alaska*, 868 F.2d 1085, 1088 (9th Cir. 1989). In this case, the executive orders Plaintiff complains of were issued in March 2020. Plaintiff did not commence this action or seek an injunction until September 23, 2020, more than six months after the statewide emergency was declared. This weighs against finding that Plaintiff faces an emergent irreparable harm. *See Hayes v. Oregon*, Case No. 1:20-cv-01332-CL, 2021 WL 374967, at *7 (D. Or. Feb. 3, 2021). Plaintiff does not seek to maintain the status quo in the face of an impending irreparable harm, but rather seeks a sweeping mandatory injunction which would drastically alter the status quo because of a harm that has already occurred. The Court therefore concludes that the irreparable injury factor weighs against granting the requested injunction.

### III.   Balance of the Equities and the Public Interest

Where the government is a party to a case in which an injunction is sought, the balance of the equities and the public interest factors will merge. *Drakes Bay Oyster Co. v. Jewell*, 747 F3d 1073, 1092 (9th Cir. 2014). "The Court must balance the public's interest in preventing constitutional harm against the government's—and the public's—interest in controlling the spread of a dangerous pandemic." *Hayes*, 2021 WL 374967, at *7 (internal quotation marks and citations omitted). The Court concludes that these factors weigh against granting Plaintiff's motion. The requested relief would invalidate every order made pursuant to the Governor's declaration of a statewide emergency, which had been in place for over six months before Plaintiff filed this action. The harm to the public in granting such a TRO, which might result in more transmissions of COVID-19, more cases of serious illness, and more deaths, outweighs the potential harm identified in the Complaint and Motion for TRO.

Upon consideration of all four *Winter* factors, the Court concludes that Plaintiff has failed to carry his burden of persuasion and Plaintiff's Motion is DENIED.

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for TRO, ECF No. 2, is DENIED. Plaintiff's application to proceed *in forma pauperis* shall be GRANTED.

It is so ORDERED and DATED this  2nd  day of April 2021.

 /s/Ann Aiken
ANN AIKEN
United States District Judge