IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

JAMES BRENT BOND,                                    Civ. No. 6:20-cv-01656-AA

                          Plaintiff,                    **OPINION & ORDER**

              v.

KATHERINE BROWN; STATE
OF OREGON

                          Defendants.

_____

AIKEN, District Judge

      This matter comes before the Court of Defendants' Motion to Dismiss or for Summary Judgment, ECF No. 28.  After the Motion to Dismiss was filed, Plaintiff filed his First Amended Complaint ("FAC"), ECF No. 38, and Defendants renewed their Motion to Dismiss as to that pleading.  ECF No. 39.  The Court concludes that this matter is appropriate for resolution without oral argument.  For the reasons set forth below, the motion is GRANTED.

## LEGAL STANDARDS

      To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations,"

it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully."  *Id.* at 678.  Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## DISCUSSION

Plaintiff sues former Oregon Governor Brown and the State of Oregon over a series of executive orders aimed at combatting the COVID-19 pandemic.  Plaintiff alleges that these executive orders violated his constitutional rights and brings claims for (1) "Deprivation of Life, Liberty, and the Pursuit of Happiness," (Claim 1); and (2) "Deprivation of Equal Protection of Law" (Claim 2), both pursuant to 42 U.S.C. § 1983.  Claim 1 asserts that Defendants violated Plaintiff's free exercise rights under the First Amendment and his Ninth Amendment rights.  Claim 2 asserts that Defendants violated Plaintiff's equal protection rights under the Fourteenth Amendment.  Plaintiff seeks to recover $7,500 in compensatory damages and $500,000 in punitive damages on each claim.

As a preliminary matter, the Court notes that (1) the complained-of executive orders were repealed months before the filing of the FAC and (2) Kate Brown ceased to be the Governor of Oregon at the end of her final term of office prior to the filing of the FAC.  However, Plaintiff has dropped his state law claims and his claims for

injunctive relief related to those executive orders and now seeks only monetary damages.

## I.    The State of Oregon is Not a Proper Party Under § 1983

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).  The Supreme Court has held that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989). The State of Oregon is not, therefore, a proper defendant as to either of the claims raised in the FAC and those claims are DISMISSED as to the State of Oregon. Because no amendment can remedy this defect, dismissal of the claims against the State of Oregon is with prejudice.

## II.    Ninth Amendment

Plaintiff's first claim alleges that the executive orders violated his rights under Ninth Amendment.  FAC ¶ 40.  The Ninth Amendment to the federal constitution provides: "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage other retained by the people."  U.S. Const. amend IX. The Ninth Amendment "has not been interpreted as independently securing any constitutional rights for purposes of making out a constitutional violation."

*Schowengerdt v. United States*, 944 F.2d 483, 490 (9th Cir. 1991).  "It is a common error, but an error nonetheless, to talk of '[N]inth [A]mendment rights.'  The [N]inth [A]mendment is *not* a source of rights as such; it is simply a rule about how to read the Constitution."  *San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1125 (9th Cir. 1996) (internal quotation mark and citation omitted, emphasis in original). As such, Plaintiff's first claim fails insofar as it relies on the Ninth Amendment. Because this claim cannot be salvaged by the amendment of additional facts, dismissal is with prejudice.

### III.    Free Exercise

Plaintiff claims that the executive orders violated his fee exercise rights under the First Amendment.  The Free Exercise Clause of the First Amendment, applicably to the States under the Fourteenth Amendment, provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]."  U.S. Const. amend. I.  Laws "that incidentally burden[ ] religion are ordinarily not subject to struct scrutiny under the Free Exercise Clause so long as they are neutral and generally applicable." *Fulton v. City of Philadelphia*, ___ U.S.___, 141 S. Ct. 1868, 1876 (2021).  If a law is both neutral and generally applicable, it is subject to rational basis review in which the which the government action must be "rationally related a legitimate governmental purpose."  *Stormans, Inc. v. Wiseman*, 794 F.3d 1064, 1084 (9th Cir. 2015).  If a rule is either non-neutral or not generally applicable, then it is subject to strict scrutiny and must be "narrowly tailored" to serve a "compelling" state interest. *Kennedy v. Bremerton Sch. Dist.*, ___U.S.___, 142 S. Ct. 2407, 2421-22 (2022).

Here, Plaintiff makes no specific allegations concerning how his own free exercise rights were burdened, other than vague and conclusory statements, nor does Plaintiff offer any allegations or argument concerning the neutrality or purpose of the executive orders. The Court concludes that Plaintiff has failed to state a claim for violation of his free exercise rights were violated. The Court grants Defendants' motion to dismiss this claims. In light of Plaintiff's pro se status, the Court will allow Plaintiff the opportunity to amend his claim for violation of his free exercise rights.

## IV.    Equal Protection

Plaintiff's second claim alleges that the executive orders violated his right to equal protection under the Fourteenth Amendment. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Boardman v. Inslee*, 978 F.3d 1092, 1117 (9th Cir. 2020) (internal quotation marks and citation omitted). "To state a claim under . . . § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment[,] a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Shooter v. Arizona*, 4 F.4th 955, 960 (9th Cir. 2021) (internal quotation marks and citation omitted).

"As the Supreme Court has recognized, 'an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that [ ]he has been irrationally singled out as a so-

called class of one.'" *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122-23 (9th Cir. 2022) (quoting *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008)). To state a "class-of-one equal protection claim, the [plaintiff] must allege facts showing that [he has] been '(1) intentionally (2) treated differently from others similarly situated and that (3) there is no rational basis for the difference in treatment.'" *Id.* (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562. 564 (2000)).

The FAC alleges no facts showing that Plaintiff is a member of a protected class or that he was treated differently from any other similarly situated individual. The Court concludes that Plaintiff has failed to state a claim for relief under the Fourteenth Amendment and this claim is dismissed. In his subsequent filings, Plaintiff asserts that he "forgot" to include the necessary facts. In light of Plaintiff pro se status, the Court will allow Plaintiff to file an amended complaint to properly state this claim.

## CONCLUSION

Defendants' Motion to Dismiss, ECF No. 28 is GRANTED. Plaintiff's claims against Defendant State of Oregon are DISMISSED with prejudice. Plaintiff's claims brought under the Ninth Amendment are DISMISSED with prejudice. Plaintiff's claims brought under the First and Fourteenth Amendments are DISMISSED with leave to amend. Plaintiff shall have thirty (30) days from the date of this Order in which to file an amended complaint. Plaintiff is advised that failure to file an amended complaint within the allotted time will result in the entry of a judgment of

dismissal without further notice.  All other pending motions, ECF Nos. 34, 37, 45, are

MOOT.

It is so ORDERED and DATED this _____27th_____ day of July 2023.


 /s/Ann Aiken_____
ANN AIKEN
United States District Judge