IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JAMES BOND, | Civ. No. 6:20-cv-01656-AA |
| Plaintiff, | **OPINON & ORDER** |
| v. | |
| KATHERINE BROWN, | |
| Defendants. | |

AIKEN, District Judge

This matter comes before the Court of Defendant's Motion to Dismiss the Second Amended Complaint or for Summary Judgment, ECF No. 52, and on Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 58. The Motion to Dismiss is GRANTED and the Motion for Leave to Amend is DENIED.

**LEGAL STANDARDS**

**I.     Motion to Dismiss**

To survive a motion to dismiss under the federal pleading standards, a pleading must contain a short and plain statement of the claim and allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 667 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While a pleading does not require "detailed factual allegations," it needs more than "a formulaic recitation of the elements of a cause of action." *Iqbal*,

556 U.S. at 677-78. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. at 678. Legal conclusions without any supporting factual allegations do not need to be accepted as true. *Id.*

## II.     Motion for Leave to Amend

Federal Rule of Civil Procedure 15(a)(2) governs amendments and provides that "[t]he court should freely give leave when justice so requires." "In general, a court should liberally allow a party to amend its pleading." *Sonoma Cnty. Ass'n of Ret. Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). However, leave to amend "is not to be granted automatically." *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). The court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, . . . [and] futility of amendment.'" *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

The court need not apply all five factors in each case, and not all factors merit equal weight. *Eminence Capital, LLC v. Aspeon*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Prejudice to the opposing party is the most important factor." *Jackson*, 902 F.2d at 1387.

Where a district court has previously granted a plaintiff leave to amend, its discretion in denying subsequent motions to amend is "particularly broad." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 879 (9th Cir. 1999).

## DISCUSSION

Plaintiff sues former Oregon Governor Brown over a series of executive orders aimed at combatting the COVID-19 pandemic. In the Second Amended Complaint ("SAC"), ECF No. 51, Plaintiff alleges that he refused to comply with the portions of those orders dealing with masking and social distancing and, as a consequence, he was turned away from Walmart and Safeway stores. Plaintiff teaches martial arts and alleges that his students declined to attend his classes due the pandemic and their desire to comply with the masking and social distancing requirements of the executive orders. Plaintiff's lack of students obliged him to close his gym.

### I. Motion to Dismiss

The SAC brings two claims, both pursuant to 42 U.S.C. § 1983. First, Plaintiff alleges that the executive orders "prohibited Plaintiff from exercising his rights to self-determination over his life and to work, which is protected activity under the free-exercise clause of the First Amendment." SAC ¶ 18. Plaintiff's second claim alleges that Defendant violated Plaintiff's rights under the Equal Protection Clause of the Fourteenth Amendment "based upon him working and being unable to avoid close personal contact with other individuals" while working at his gym. *Id.* at ¶ 22. Defendant moves to dismiss both claims.

Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999).  To maintain a claim under § 1983, "a plaintiff must both (1) allege the deprivation of a right secured by the federal Constitution or statutory law, and (2) allege that the deprivation was committed by a person acting under color of state law." *Anderson v. Warner*, 451 F.3d 1063, 1067 (9th Cir. 2006).

**A. Free Exercise**

Plaintiff claims that the executive orders violated his fee exercise rights under the First Amendment.  The Free Exercise Clause of the First Amendment, applicable to the States under the Fourteenth Amendment, provides that "Congress shall make no law . . . prohibiting the free exercise [of religion]."  U.S. Const. amend. I.  Laws "that incidentally burden[ ] religion are ordinarily not subject to struct scrutiny under the Free Exercise Clause so long as they are neutral and generally applicable." *Fulton v. City of Philadelphia*, 593 U.S.___, 141 S. Ct. 1868, 1876 (2021).  If a law is both neutral and generally applicable, it is subject to rational basis review in which the which the government action must be "rationally related a legitimate governmental purpose." *Stormans, Inc. v. Wiseman*, 794 F.3d 1064, 1084 (9th Cir. 2015).  If a rule is either non-neutral or not generally applicable, then it is subject to strict scrutiny and must be "narrowly tailored" to serve a "compelling" state interest. *Kennedy v. Bremerton Sch. Dist.*, 597 U.S. 507, 525 (2022).

In his Response brief, Plaintiff makes clear that, with respect to the free exercise claim, the relevant executive orders are EO 20-12 and EO 20-25. Resp. 4. ECF No. 56.

EO 20-12 prohibited non-essential social and recreational gatherings of individuals outside of a home or place of residence if a distance of at least six feet could not be maintained between individuals. EO 20-12 also mandated the maintenance of social distancing and closed certain categories of business, such as amusement parks, hookah bars, gyms and fitness studios, day spas, ski resorts, and tennis clubs. EO 20-12 *available at* www.oregon.gov/gov/eo/eo_20-12.pdf. EO 20-25 established a framework for a phased re-opening process. EO 20-25 *available at* www.oregon.gov/gov/eo/eo_20-25.pdf. The COVID-19 state of emergency was terminated on April 1, 2022. EO 22-03, *available at* www.oregon.gov/gov/eo/eo_22-03.pdf.

Plaintiff's claim amounts to (1) his having been turned away from private businesses because he refused to wear a mask and (2) his martial arts students declining to attend his classes because of pandemic-era restrictions. Any connection to religious beliefs or practices is not apparent on the face of the SAC. Even assuming that the challenged executive orders incidentally burdened religious practice, the orders are neutral and generally applicable. As such, they are subject only to rational basis review. Here, there is no question that the challenged orders were rationally related to the legitimate governmental purpose of controlling the spread of COVID-

19. Plaintiff has failed to state a claim for violation of his free exercise rights under the First Amendment and Defendant's Motion to Dismiss is granted as to that claim.

### B. Equal Protection

Plaintiff's second claim alleges that the executive orders violated his right to equal protection under the Fourteenth Amendment. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." *Boardman v. Inslee*, 978 F.3d 1092, 1117 (9th Cir. 2020) (internal quotation marks and citation omitted). "To state a claim under 42 U.S.C. § 1983 for a violation of the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must show that the defendants acted with an intent or purpose to discriminate against the plaintiff based upon membership in a protected class." *Shooter v. Arizona*, 4 F.4th 955, 960 (9th Cir. 2021) (internal quotation marks and citation omitted, alterations normalized).

"As the Supreme Court has recognized, 'an equal protection claim can in some circumstances be sustained even if the plaintiff has not alleged class-based discrimination, but instead claims that [ ]he has been irrationally singled out as a so-called class of one.'" *SmileDirectClub, LLC v. Tippins*, 31 F.4th 1110, 1122-23 (9th Cir. 2022) (quoting *Engquist v. Oregon Dep't of Agric.*, 553 U.S. 591, 601 (2008)). To state a "class-of-one equal protection claim, the [plaintiff] must allege facts showing that [he has] been '(1) intentionally (2) treated differently from others similarly

situated and that (3) there is no rational basis for the difference in treatment.'" *Id.* (quoting *Vill. of Willowbrook v. Olech*, 528 U.S. 562. 564 (2000)).

As with Plaintiff's previous pleadings, the SAC alleges no facts showing that Plaintiff is a member of a protected class or that he was treated differently from any other similarly situated individual for a "class-of-one" equal protection claim. The Court concludes that Plaintiff has failed to state a claim for relief under the Equal Protection Clause of the Fourteenth Amendment and this claim is dismissed.

## II. Motion to Amend

Shortly after the Motion to Dismiss was fully briefed, Plaintiff filed a motion to amend his complaint with a copy of the proposed Third Amended Complaint ("TAC"). In addition to modifying the free exercise claim of the SAC, Plaintiff seeks to add a claim under the Privileges or Immunities Clause of the Fourteenth Amendment and a claim for violation of his Fourteenth Amendment due process rights. Defendant objects on the bases of undue delay, bad faith, futility, and prejudice.

### A. Futility

Futility is the most substantive issue and so the Court begins its analysis there. Futility "alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (internal quotation marks and citation omitted). Futility arises when the amendment is legally insufficient, *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017), or when the amended complaint

would be subject to dismissal. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

As a preliminary matter, Plaintiff argues that his claims are not futile because the entire corpus of prior court decisions are wrongly decided and should be discarded in favor of Plaintiff's own idiosyncratic beliefs concerning the interpretation of the Constitution. Pl. Reply Br. 4. ("Plaintiff argues that he is aware of the fact that the Supreme Court, this Court, and various other U.S. courts have decided similar claims such as his . . . Plaintiff argues that the courts erred in those decisions and that *stare decisis* should not be followed by the Court in this matter."). ECF No. 65. This argument is frivolous and the Court declines to credit it.

With respect to the free exercise claim, Plaintiff argues that the executive orders "prohibited his religious right to live life how he pleases in violation of the First Amendment's free exercise clause because the above referred to entities refused him service for choosing to not wear a mask" and "due to the EO's mandating that he close his jiujitsu gym, because of his inability to comply with individual distancing mask mandates." Pl. Reply Br. 6. The proposed amendments in the TAC do not remedy the defects identified in the SAC and Plaintiff's arguments represent a serious misapprehension of the Free Exercise Clause. The proposed amendments to this claim are futile.

The TAC makes no substantive changes with respect to the equal protection claim, which is defective for the reasons discussed in the previous section. Amendment is likewise futile as to this claim.

Plaintiff seeks to raise a new claim for violation of the Privileges or Immunities Clause of the Fourteenth Amendment. The Privileges or Immunities Clause provides that "[n]o State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States[.]" U.S. Const. Amend. XIV, § 1, cl.2. As interpreted by the Supreme Court, the Privileges or Immunities Clause of the Fourteenth Amendment secures only a narrow class of rights. *Saenz v. Roe*, 526 U.S. 489, 503 (1999). The Ninth Circuit has explained:

> [T]he Supreme Court drew tight boundaries around the Privileges or Immunities Clause of the Fourteenth Amendment in the *Slaughterhouse Cases*, 83 U.S. (16 Wall.) 36, 21 L.Ed 394 (1872). The Court rules that the clause only secures those rights which "own their existence to the Federal government, its National character, its Constitution, or its laws." *Id.* at 79. Some examples of Federal privileges or immunities provided by the Fourteenth Amendment listed by the Supreme Court were the right to petition the Federal government and to "demand the care and protection of the Federal government over his life, liberty, and property when on the high seas." *Id.* at 79. However, the Court made it very clear that the traditional privileges and immunities of citizenship "which are, in their nature, fundamental; which belong, of right, to the citizens of all free governments," such as the right to engage in one's profession of choice . . . were not protected by the Privileges or Immunities Clause if they were not of a "federal" character. *Slaughterhouse Cases*, 83 U.S. (16 Wall.) at 78-79.

*Merrifield v. Lockyer*, 547 F.3d 978, 983 (9th Cir. 2008).

Here, Plaintiff proposes to allege that Defendant violated his rights under the Privileges or Immunities Clause when the executive orders "abridged his inherent right to life and its liberties to self-determination and to earn a living." TAC ¶ 15. As the Ninth Circuit explained in *Merrifield v. Lockyer*, this type of claim is specifically beyond the bounds of what is protected by the Privileges or Immunities Clause. Plaintiff contends that all caselaw on this issue is erroneous and should be

set aside in favor of Plaintiff's beliefs concerning what the Fourteenth Amendment provides. This is a frivolous argument and amendment to add this claim would be futile.

With respect to due process, the proposed TAC only clearly raises procedural due process claim, but in his briefing, Plaintiff suggests that he intended to raise a claim for violation of his substantive due process rights as well. In an abundance of caution, the Court will address both claims.

The Due Process Clause of the Fourteenth Amendment provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "To state a prima facie substantive or procedural due process claim, one must, as a threshold matter, identify a liberty or property interest protected by the Constitution." *United States v. Guillen-Cervantes*, 748 F.3d 870, 872 (9th Cir. 2014).

With respect to procedural due process, the proposed TAC alleges that Plaintiff "was not given personal notice, the opportunity to be heard, and a decision by an impartial tribunal before he was deprived by the Defendant's EO of his inherent right to life via the prohibition of his free will and to earn a living [sic]." TAC ¶ 15. "The Due Process Clause forbids the governmental deprivation of substantive rights without constitutionally adequate procedure." *Shanks v. Dressel*, 540 F.3d 1082, 1090-91 (9th Cir. 2008). To prevail on a procedural due process claim, a plaintiff must establish: (1) a constitutionally protected liberty or property interest; (2) a deprivation of that interest by the government; and (3) a lack of adequate process.

*Id.* at 1090. However, "laws of general applicability affecting a broad geographic area" do not ordinarily implicate individual procedural due process concerns. *Hotel & Motel Ass'n of Oakland v. City of Oakland*, 344 F.3d 959, 968-70 (9th Cir. 2003); *Mendez v. City of Boise*, 845 F. App'x 636, 637 (9th Cir. 2021). "General statutes within the state power are passed that affect the person or property of individuals, sometimes to the point of ruin, without giving them a chance to be heard," and "[t]heir rights are protected in the only way that they can be in a complex society, by their power, immediate or remote, over those who make the rule." *Bi-Metallic Inv. Co. v. State Bd. of Equalization*, 239 U.S. 441, 445 (1915); *see also Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1260 (9th Cir. 1994) (In cases involving laws of general applicability, due process is satisfied when the governmental body "performs its responsibilities in the manner normally prescribed by law."); *Underwood v. City of Starkville*, 538 F. Supp.3d 667, 678 (N.D. Miss. 2021) ("It would be impractical—if not nonsensical—to allow every individual member of the public to voice their opinion directly and personally before a rule of general applicability is put into effect, particularly during a time of crisis like [the COVID-19 pandemic.]").

Here, Plaintiff claims that executive orders with broad applicability across the state violated his procedural due process rights. As explained above, Plaintiff does not have an individual procedural due process right with respect to those executive orders. Accordingly, the TAC fails to state a claim and allowing the proposed amendment would be futile.

With respect to substantive due process, that claim is, as previously noted, not clearly made out on the face of the proposed TAC. As a result, this claim is insufficiently pleaded and therefore futile. However, even if the Court were to stretch the allegations of the TAC to include a substantive due process claim, the proposed amendment would be futile. At most, it can be said that the TAC alleges that the executive orders "abridged Plaintiff's right to life by prohibiting its liberties to determine one's life and earn a living[.]" TAC ¶ 28.

"The substantive component of the Due Process Clause forbids the government from depriving a person of life, liberty, or property in such a way that . . . interferes with rights implicit in the concept of ordered liberty." *Engquist v. Oregon Dep't of Agric.*, 478 F.3d 985, 996 (9th Cir. 2007) (internal quotation marks and citation omitted, alterations in original). "Substantive due process protects individuals from arbitrary deprivation of their liberty by government." *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1195 (9th Cir. 2013) (internal quotation marks and citation omitted). Only "the most egregious official conduct can be said to be arbitrary in the constitutional sense." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998) (internal quotation marks and citation omitted). "To constitute a violation of substantive due process, the alleged deprivation must shock the conscience and offend the community's sense of fair play and decency." *Sylvia Landfield*, 729 F.3d at 1195 (internal quotation marks and citation omitted). The Supreme Court has held "that the 'shock the conscience' standard is satisfied where the conduct was intended to injure in some way unjustifiable by any government interest or in some

circumstances if it resulted from deliberate indifference." *Rosales-Mireles v. United States*, 585 U.S.___, 138 S. Ct. 1897, 1906 (2018) (internal quotation marks and citation omitted).

The Due Process Clause "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997). The Supreme Court has established "a threshold requirement—that a challenged state action implicate a fundamental right—before requiring more than a reasonable relation to a legitimate state interest to justify the action." *Id.* at 722.

In general, it appears that Plaintiff bases this claim on the closure of his gym. Although there is a generalized right to pursue work under the Due Process Clause, the Supreme Court has "has never held that the right to pursue work is a fundamental right." *Sagana v. Tenorio*, 384 F.3d 731, 743 (9th Cir. 2004). Any restriction of that right would therefore be subject to rational basis review. *See, e.g., Witt v. Dep't of the Air Force*, 527 F.3d 806, 817 (9th Cir. 2008) ("Substantive due process cases typically apply strict scrutiny in the case of a fundamental right and rational basis review in all other cases.").

Under rational basis review, state conduct is presumed valid and will be upheld so long as it is "rationally related to a legitimate state interest." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 440 (1985). "Governmental action is rationally related to a legitimate goal unless the action is clearly arbitrary and unreasonable, having no substantial relation to public health, safety, morals, or

general welfare." *Sylvia Landfield*, 729 F.3d at 1193 (internal quotation marks and citation omitted). Plaintiffs "shoulder a heavy burden" of showing that the government "could have had no legitimate reason for its decision." *Halverson v. Skagit Cnty.*, 42 F.3d 1257, 1262 (9th Cir. 1994) (internal quotation marks, emphasis, and citation omitted).

In this case, the Court has no trouble discerning a rational relationship between mitigating the threat to public health posed by COVID-19 and the restrictions imposed by the executive orders. Indeed, the purpose of the restrictions is spelled out in the executive orders themselves. The Court finds that the proposed TAC fails to state a claim for violation of Plaintiff's substantive due process rights.

In sum, the proposed amendments are each futile and do not result in any viable claim against Defendant. As noted, futility alone can justify the denial of a motion for leave to amend, *Nunes*, 375 F.3d at 808, and so the motion for leave to amend will be denied. However, in the interest of thoroughness, the Court will address the remaining factors.

**B. Undue Delay**

Here, the motion to amend comes years after the case was filed, following multiple rounds of prior amendment, and after the close of briefing on Defendant's Motion to Dismiss. It does not allege any facts that Plaintiff would not have been aware of at the time of the original complaint or at the time of the later amended complaints. The Court concludes that undue delay weighs against granting leave to amend.

### C. Bad Faith

A motion for leave to amend is filed in bad faith when there is "evidence in the record which would indicate a wrongful motive." *DCD Programs Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987). Here, as previously discussed, Plaintiff advances frivolous arguments in support of his motion—namely that the entire corpus of constitutional law is wrongly decided and should be discarded in favor of Plaintiff's own idiosyncratic conception of the Constitution. This weighs in favor of a finding of bad faith and weighs against allowing the requested amendment. However, even if the Court were to conclude that the proposed amendments were simply misguided rather than offered in bad faith, the Court will still deny leave to amend based on futility.

### D. Prejudice

Defendant asserts, with merit, that Plaintiff's constantly shifting legal theories have made it difficult and expensive for Defendant to continue to litigate this matter. The Court agrees that this is prejudicial, although perhaps not sufficiently so to justify denial of leave to amend on its own. However, considering the futility of the proposed amendment, the undue delay, and the evidence of bad faith on the part of Plaintiff, the Court concludes that the motion for leave to amend will be denied.

## CONCLUSION

Defendant's Motion to Dismiss, ECF No. 52, is GRANTED and the Second Amended Complaint, ECF No. 51, is DISMISSED in its entirety. Plaintiff's Motion for Leave to File Amended Complaint, ECF No. 58, is DENIED. This case is

DISMISSED without further leave to amend. Final judgment shall be entered accordingly. All other pending motions are MOOT.

It is so ORDERED and DATED this 9th day of February 2024.

s/ Ann Aiken<br>
ANN AIKEN<br>
United States District Judge